**DAYTON–HUDSON CORPORATION,
d/b/a Target Stores,
Appellee/Cross-Appellant,**

v.

**MACERICH REAL ESTATE COMPANY,
Appellant/Cross-Appellee.**

Nos. 84–1437, 84–1529.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1984.

Decided Dec. 19, 1984.

Rehearing Denied Jan. 24, 1985.

David S. Wiggins, West Des Moines, Iowa, for appellant/cross-appellee.

Brian L. Wirt, Des Moines, Iowa, for appellee/cross-appellant.

Before HEANEY, ROSS, and FAGG, Circuit Judges.

PER CURIAM.

The Macerich Real Estate Company (Macerich) appeals the district court's[1] judgment in favor of Dayton-Hudson Corporation, d/b/a Target Stores, Inc. (Target) and the award of damages in the amount of $80,415.50, plus interest. Target cross-appeals and contends that the damage award should be increased to $103,653.00 plus interest. We affirm.

In 1972 Target leased a building with a two-ply roof from Macerich. The roof leaked before and after Target's occupancy. Because Macerich would only repair the roof by re-covering portions as the leaks developed, and the leaks continued, Target invoked the self-help provision of the lease agreement and replaced the roof with a four-ply system in 1979. Target sought a declaratory judgment decree to enable it to withhold from its rental payments the cost of replacing the roof. Following a bench trial, the district court determined that under the terms of the lease Macerich was obligated to pay Target $80,-415.50 for the new roof.

The issues on appeal are whether the district court properly construed certain provisions of the lease under Iowa law and whether it correctly calculated the damages. Macerich maintains its duty under the lease was to "repair and maintain in good order and condition" the roof and that according to Iowa law the duty to "repair" does not give rise to the duty to "replace." The district court found that by 1979 the

roof had exceeded its useful life, had irreversibly failed and could not be maintained in good order and condition by repairs other than by replacement of the roof. Based on the varying estimates of three experts, the court found that the amount of money it reasonably would have cost Target to replace the roof with another two-ply roof similar to the original roof was $80,415.50.

We have carefully studied the record, including the district court's opinions and the briefs of the parties. We find that the judgment of the district court is based on findings of fact that are not clearly erroneous and that no error of law appears. Accordingly, we affirm on the basis of the district court's opinions. *See* 8th CIR. R. 14.

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.